Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4057 | **DATE** | 10/9/2001 |
| **CASE TITLE** | PLANT SYSTEMS vs. TE PRODUCTS PIPELINE CO., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ■ This case is dismissed without prejudice and without costs on motion of defendant.

(10) ■ [Other docket entry] **Defendant's motion (7-1) to dismiss for improper venue is granted. Plaintiff may seek transfer of jurisdiction within twenty days of entry of this order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 10/10/01 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 01 OCT 10 PM 5:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLANT SYSTEMS, INC.,

Plaintiff,

v.

TE PRODUCTS PIPELINE COMPANY, a
Delaware limited partnership, TEXAS
EASTERN PRODUCTS PIPELINE
COMPANY, LLC, as its General Partner,

Defendants.

No. 01 C 4057
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Defendant TE Products Pipeline Company ("TEPPCO") believes that this action should have been brought, if at all, in the state or federal courts sitting in Harris County, Texas. Before me is its motion to dismiss for improper venue. The motion requires me to address certain complex and partly unresolved jurisdictional issues arising under Texas law. After careful consideration, for the reasons expressed below, I grant defendant's motion and dismiss the case pursuant to 28 U.S.C. § 1406 without prejudice to its being re-filed in the proper venue.

The action is a simple contract dispute. Plaintiff Plant Systems, Inc. is an Ohio corporation. Defendant TE Products Pipeline Company is a Delaware corporation headquartered in Texas. The parties agreed that Plant Systems would construct a propane truck loading facility in Monee, Illinois in exchange for a base contract price of approximately two million dollars. Plaintiff claims that it was not paid all that it was promised–the sum of $958,616.47 is still due and owing. The Complaint seeks foreclosure of plaintiff's mechanic's lien on property located in Illinois, damages for breach of contract, and recovery in quantum meruit.

In its motion to dismiss, TEPPCO argues that plaintiff's choice of forum contravenes the forum selection clause in the parties' Agreement. Forum selection clauses are prima facie valid and should be enforced unless enforcement would be unreasonable under the circumstances. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993)(quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972)). Plaintiff's response is that the plain language of the clause does not apply to a claim for foreclosure of a lien over property located in Illinois.

The parties' forum selection clause reads as follows:

> 1.13.2 Any and all actions requiring interpretation or enforcement of the Contract Documents or otherwise concerning the subject matter of the Contract Documents shall for the convenience of Company be heard <u>in state or federal courts with subject matter jurisdiction sitting in Harris County, Texas</u>, and the parties hereby submit to the personal jurisdiction and venue of such courts for such purposes. [Emphasis added].

Plant Systems would have me find that the present venue is proper because Texas courts do not have subject matter jurisdiction over the state law foreclosure claim.

At issue is the "local action doctrine," which dictates that a "local action" involving real property must be brought within the territorial boundaries of the state in which the land is located–here, Illinois. If the local action doctrine applies, it works to deprive a federal court sitting in diversity of both venue and subject matter jurisdiction over the action. See *See Hayes v. Gulf Oil Corp.*, 821 F.2d 285 (5th Cir. 1987); *Keller v. Millice*, 838 F. Supp. 1163, 1170 (S.D. Tex. 1993).[1] The resolution of the motion thus depends upon whether a claim for foreclosure of a mechanic's lien is properly characterized as a local action or a transitory action.

---

[1] Cf. *Raphael J. Musicus v. Safeway Stores, Inc.*, 743 F.2d 503 (7th Cir. 1984)(local action doctrine affects venue–not jurisdiction).

2

A federal or state court sitting in Texas would look to Texas law to determine whether a claim to foreclose a mechanic's lien involves a local action. *See Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144 (5th Cir. 1992)(the law of the forum state determines whether the local action doctrine applies). There is no Texas case directly on point, but *Keller v. Millice*, 838 F. Supp. 1163, 1170 (S.D. Tex. 1993) is instructive. In *Keller*, plaintiff brought a claim for breach of fiduciary duty arising out of a contract to improve property in Colorado. To remedy the breach of duty, she petitioned the United States District Court for the Southern District of Texas to impose a constructive trust on the Colorado property. Defendants urged that the forum court had no jurisdiction to impose such a remedy where the property lay outside its territorial boundaries, but the district court disagreed. It conducted a thorough review of Texas courts' application of the local action doctrine and concluded that where the interest in property arises out of a contractual relationship, the action is generally transitory in nature. While Texas courts may not adjudicate pure questions of title of property located in other states, they may act to enforce a right in real property where the cause of action is "in consequence of contract."

I cannot see why a claim for foreclosure of a mechanic's lien would operate differently than a constructive trust. This is no "naked question of title." *See Kelly Oil Co. Inc. v. Svetlik*, 975 S.W.2d 762, 674 (Tex. Ct. App. 1998). Plaintiff's foreclosure claim is derivative in nature, arising out of the breach of contract claim. Moreover, it is well settled that "Texas courts may . . . compel a party over whom it has jurisdiction to execute a conveyance of a real property interest situated in another state." *Kelly*, 975 S.W.2d at 764. In short, I do not believe that requiring Plant Systems to adhere to the forum selection clause would compel it to waive its claim for foreclosure of the lien. The case belongs in Texas.

3

Defendant seeks dismissal under 28 U.S.C. § 1406 rather than transfer under § 1404. I am empowered to grant such a dismissal and I do so now. *See Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001). If plaintiff so requests within 28 days of the entry of this order, however, I will vacate the dismissal and instead transfer the action to the Southern District of Texas.

Defendant's motion to dismiss for improper venue [7] is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: OCT 0 9 2001

4